# EXHIBIT 1



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 33581934**
**Date Processed: 03/19/2026**

| | |
|---|---|
| **Primary Contact:** | Thomas Campuzano<br>United Airlines Holdings, Inc.<br>233 S Wacker Dr<br>Fl 11<br>Chicago, IL 60606-7147 |
| **Electronic copy provided to:** | Maria Bustamante |

| | |
|---|---|
| **Entity:** | United Airlines, Inc.<br>Entity ID Number  3045382 |
| **Entity Served:** | United Airlines Inc. |
| **Title of Action:** | Tammy Anita Brown vs. United Airlines, Inc. |
| **Matter Name/ID:** | Tammy Anita Brown vs. United Airlines, Inc. (18935472) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Stafford County Circuit Court, VA |
| **Case/Reference No:** | CL25-3438 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 03/18/2026 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | McClanahan Powers, PLLC<br>703-520-1326 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# COMMONWEALTH OF VIRGINIA



STAFFORD CIRCUIT COURT
Civil Division
1300 COURTHOUSE RD PO BOX 69
STAFFORD VA 22554
(540) 658-8759

Summons

To: UNITED AIRLINES INC.
R/A: CORPORATION SERVICE
COMPANY
100 SHOCKOE SLIP, FL 2
RICHMOND VA 23219

Case No. 179CL25003438-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, March 13, 2026

Clerk of Court: KATHLEEN M STERNE

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:    ROBYN REINHARDT, ESQUIRE
703-520-1326

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR STAFFORD COUNTY**

FILED
CLERK OF COURT

2025 SEP 22 A 10: 20

TAMMY ANITA BROWN

   *Plaintiff,*

v.

UNITED AIRLINES, INC.

and

SKYWEST AIRLINES, INC.

   *Defendants.*

Case No. **CL25-3438**

**TRIAL BY JURY DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff, Tammy Anita Brown ("Plaintiff"), by counsel, and moves this Court for judgment against Defendants, United Airlines, Inc. ("United") and Skywest Airlines, Inc. ("Skywest") (collectively, "Defendants"), on the grounds and praying for the relief hereinafter set forth:

### PARTIES

1. Plaintiff, Tammy Anita Brown, is a resident of the Commonwealth of Virginia, residing at 130 Brittany Manor Way in Stafford, Virginia.

2. Defendant, United Airlines, Inc., is a Delaware airline corporation with its principal office address at 233 S Wacker Drive in Chicago, Illinois. United is authorized to do business in the Commonwealth of Virginia, with Corporation Service Company at 100 Shockoe Slip, Floor 2 in Richmond, Virginia serving as its registered agent.

1

3. Defendant, Skywest Airlines, Inc., is Utah airline corporation, with a principal office address at 444 S River Road in Saint George, Utah. Skywest is authorized to do business in the Commonwealth of Virginia, with Corporate Creations Network, Inc. at 425 W Washington Street, Suite 4 in Suffolk, Virginia serving as its registered agent.

4. Skywest operates flights on behalf of United under the United Express brand.

**JURISDICTION AND VENUE**

5. Jurisdiction is proper in this Court pursuant to Va. Code §§ 8.01-328.1(A)(1) and (2), because Defendants are registered with the State Corporation Commission to transact business in the Commonwealth of Virginia and do, in fact, transact business here.

6. Venue is proper in this Court pursuant to Va. Code §§ 8.01-262(3) and (10), because Plaintiff resides in Stafford, Virginia and received medical treatment for her injuries in Stafford, Virginia.

**STATEMENT OF FACTS**

7. On September 26, 2024, Plaintiff boarded United Flight #5325 from Colorado Springs (COS) to Houston (IAH) ("Flight #5235")

8. Flight #5325 was operated by Skywest on behalf of United. Plaintiff purchased her ticket on Flight #5325 from United.

9. Plaintiff was seated on the aisle, in seat 1C.

10. Approximately half an hour into the flight, the flight attendants began to provide passengers with food and beverage service.

11. The passenger seated directly behind Plaintiff in 2C requested hot tea from a flight attendant.

2

12. Other passengers aboard Flight #5325 that day had received their hot beverages in a standard coffee cup.

13. However, the flight attendant brought the passenger in 2C a paper cup filled with hot water. The paper cup was placed on a plastic tray.

14. The paper cup used to deliver hot water to the passenger in 2C was not the standard coffee cup used by the flight attendants to deliver hot beverages to other passengers aboard Flight #5325.

15. While delivering the paper cup to the passenger in 2C—the passenger seated behind Plaintiff—the flight attendant spilled hot water over Plaintiff's left arm.

16. Plaintiff immediately felt something hit her arm. She removed her sweatshirt to find that her skin appeared to have melted off in the place where the hot water was spilled over her.

17. Federal Aviation Administration regulations govern certain procedures related to food and beverage service for passengers, emphasizing the potential danger of improperly following standard operating procedures. *See* 14 C.F.R. §§ 91.535, 121.577, and 135.122.

18. When Flight #5235 arrived in Houston, Plaintiff deplaned first to meet waiting medics who were called to assess the burn to her left arm.

19. The medics in Houston were able to clean and dress Plaintiff's wound before she needed to board her connecting flight back to Virginia.

20. When Plaintiff returned to Virginia, she visited the Stafford Hospital Emergency Department, where she was diagnosed with a partial thickness burn to her left arm.

21. The Stafford Hospital Emergency Department referred Plaintiff to the VCU Health Evans-Haynes Burn Center Clinic ("EHBC") in Richmond, Virginia for further treatment.

3

22. Plaintiff had two appointments at EHBC for wound care and a further assessment of her injury on October 4, 2024 and October 11, 2024.

23. Although Plaintiff's burn healed, she was left with a permanent lump and white scarring on her arm where the skin was burned.

24. Plaintiff still frequently experiences pain in her left arm where she was burned.

25. As a result of her injury, Plaintiff avoids hot water. She becomes nervous when boiling water and cooking.

26. As a result of her injury, Plaintiff developed an aversion to flying, becoming anxious while on the plane and when flight attendants walk through the cabin. She avoids sitting in aisle seats on planes.

## COUNT I
### Negligence

27. Plaintiff restates, re-pleads, and incorporates by reference each and every allegation set forth above as if fully set forth herein.

28. Plaintiff purchased her ticket for Flight #5325 from United. Flight #5325 was flown with United livery and the flight attendants were wearing United-branded uniforms.

29. Flight #5325 was operated by Skywest and staffed by flight attendants employed by Skywest.

30. At all relevant times herein, the flight attendant who served Plaintiff and the passenger in 2C on Flight #5325 was acting within the scope of her employment.

31. Defendants, as airlines offering transportation services to the public for hire, are common carriers. *See Commonwealth v. United Airlines, Inc.*, 219 Va. 374.

4

32. Common carriers are "bound to exercise the highest degree of care and foresight for [their] passengers' safety" and will be liable for the slightest negligence. *Wilson v. Capital Airlines*, 240 F.2d 492, 494 (4th Cir. 1957).

33. Plaintiff, as Defendants' passenger, was owed a heightened duty of care while aboard the plane.

34. Instead, Defendants breached their heightened duty of care for Plaintiff's safety when a flight attendant, acting within the scope of her employment, spilled hot water on Plaintiff in-flight.

35. Defendants breached their heightened duty of care for Plaintiff's safety when a flight attendant, acting within the scope of her employment, spilled hot water on Plaintiff while attempting to serve the beverage to the passenger seated in the row behind Plaintiff.

36. Defendants breached their heightened duty of care for Plaintiff's safety when the flight attendant, acting within the scope of her employment, attempted to serve the passenger in 2C hot water in a paper cup, instead of the standard coffee cup for hot beverages.

37. As a direct and proximate result of Defendants' negligence, Plaintiff suffered a severe burn to her left arm.

38. As a further result of Defendants' negligence, Plaintiff has permanent scarring and lasting pain in her left arm where the flight attendant spilled hot water and burned Plaintiff.

39. As a further result of Defendants' negligence, Plaintiff suffers from anxiety around planes, flight attendants, and hot water.

40. As a further result of Defendants' negligence, Plaintiff suffered severe emotional distress, pain, and suffering.

41. As a further proximate result of Defendant's negligence, Plaintiff suffered damages in the amount of $500,000.00.

WHEREFORE, Plaintiff Tammy Brown respectfully requests that this Court:

A. Enter judgment on behalf of Plaintiff and against Defendants United and Skywest, jointly and severally;

B. Award Plaintiff damages in an amount of $500,000.00, plus court costs, pre-judgment interest, and post-judgment interest; and

C. Grant such other relief as this Court may consider just and proper.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

**Tammy Brown**
By counsel:

Robyn Reinhardt, Esq. (VSB No. 101171)
Dirk McClanahan, Esq. (VSB No. 81208)
McClanahan Powers, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, Virginia 22042
T: (703) 520-1326
F: (703) 828-0205
E: reinhardt@mcplegal.com
   dmcclanahan@mcplegal.com